RECEIVED
AUG - 3 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RAYMOND PAYNE, JR. | CIVIL ACTION NO.: 2:07-00232 |
| VERSUS | JUDGE DOHERTY |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is a Motion to Remand [Doc. 3-1] filed on behalf of plaintiff, Raymond Payne, Jr., urging this matter be remanded to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Defendant opposes the motion. [Doc. 8] Briefing has now been completed, and the motion has been taken under advisement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2006, plaintiff, a former employee of Farmers' Rice Milling Company, Inc. ("Farmers' Rice"), filed a petition in state court for payment of long-term disability benefits allegedly denied to him by defendant, Hartford Life and Accident Insurance Company ("Hartford").[1] [Doc. 1-2.] On Feb. 9, 2007, defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, removing the matter to this Court based on federal question jurisdiction. Specifically, defendant asserts the matter involves a claim for benefits under an employee welfare benefit plan, established pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. [Doc. 1-1][2][3] Plaintiff filed this Motion to Remand,

---

[1] Plaintiff additionally seeks penalties and attorney fees pursuant to La.R.S. 22:657.

[2]Although plaintiff did not specifically reference ERISA in his complaint, he does not dispute this lawsuit is related to an employee benefit plan and is therefore governed by ERISA. *See* Metropolitan Life Ins. Co., v. Taylor, 481 U.S. 58, 63 (1987)(holding the preemptive force of ERISA is such that removal is proper when a cause of action falls within the scope of its civil

1

arguing defendant's removal is deficient because: (1) it "fails to establish either diversity or jurisdictional amount" [Id.]; (2) the insurance policy at issue "specifically granted plaintiff the right to file suit in state court," and (3) Hartford "has clearly waived its right to claim preemption." [Id. at 2]

## II. ANALYSIS

At the outset, the Court rejects plaintiff's first argument that removal is deficient due to a lack of diversity or jurisdictional amount. Defendant's Notice of Removal clearly states the basis for removal is federal question jurisdiction, and the notice makes no mention of removal premised upon diversity of citizenship. District courts have original jurisdiction over the civil enforcement of claims governed by ERISA, whether or not the requirements for diversity jurisdiction are met. 29 U.S.C. § 1132(f) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) [claims by ERISA plan participants for unpaid benefits] of this section in any action."). 28 U.S.C. § 1441(b) specifically provides matters removed based on federal question jurisdiction are "removable without regard to the citizenship or residence of the parties." As plaintiff does not dispute this is an ERISA plan, and the Court finds no error of law in the parties' assumption the policy at issue is governed by ERISA, consequently, there exists a federal question over which this Court has jurisdiction.

Plaintiff's second argument - that defendant waived its right to removal because the insurance policy "specifically granted plaintiff the right to file suit in state court" - also fails. 28

---

enforcement provisions, even though plaintiff purports to raise only state law claims). Furthermore, plaintiff appears to argue (although his briefing is not abundantly clear) this matter *is* governed by ERISA, but nevertheless removal is improper.

[3]Defendant's Notice of Removal and Answer additionally assert plaintiff's state law claims are preempted by ERISA, as ERISA provides the exclusive federal remedy for resolution of claims for recovery of benefits from employee welfare benefit plans. [Doc. 1-1 at 3; Doc. 4]

U.S.C. § 1441(a) provides in pertinent part, ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction [i.e. claims governed by ERISA], may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff argues defendant waived its right to removal by virtue of the following language contained in the underlying [ERISA] policy: "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court." [Doc. 3-3, p.53] Plaintiff further argues the contract should be interpreted such that plaintiff's choice to have this matter adjudicated in state court "cannot be taken away." [Doc. 3-2]

Title 29 U.S.C. §1022 mandates a "summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries" and "shall contain . . . remedies available under the plan for the redress of claims which are denied in whole or in part . . . ." 29 C.F.R. § 2520.102-3, entitled "Contents of summary plan description," provides a "model statement" to ensure compliance with 29 U.S.C. § 1022. The particular sentence at issue in this matter (as well as the entire section of the policy containing that specific sentence) is taken verbatim from the "model statement" contained at 29 C.F.R. 2520.102-3(t)(2). Employers who wish to comply with ERISA are best served, it would seem, by following the model language provided in the CFR, particularly as the CFR states a summary plan description will be deemed in compliance with the statute if it uses the model statement.

Moreover, the Court finds the referenced language simply informs plaintiff what his rights are under the plan, i.e. plaintiff has the right to file suit in state or federal court.[4] There is

---

[4]This is so, because concurrent state and federal jurisdiction exists for a claim for benefits under an ERISA plan. *See* 29 U.S.C. 1132(a)(1)(B) and (e)(1). The model language likely does not discuss the intricacies of concurrent jurisdiction, removal, and other potentially applicable legal concepts because, as directed by 29 U.S.C. 1022(a) and 29 C.F.R. 2520.102-3(t)(1), "[t]he summary plan description...shall be written in a manner **calculated to be understood by the**

no language in the clause that waives or restricts defendant's right to remove a lawsuit to federal court. The Fifth Circuit has consistently held "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." City of New Orleans v. Mun. Admin. Servs., 376 F.3d at 501, 504 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005) (citing McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1204 (5th Cir. 1991)). The "Enforce Your Rights" paragraph in plaintiff's "Statement of ERISA Rights" [Doc. 3-3] contains no clear and unequivocal waiver of the right to removal. Again, the language simply informs an employee of his rights under the plan and where he may file suit.

While this Court's independent research has not found a Fifth Circuit case directly on point, several other federal courts have addressed this issue.[5] All other courts have come to the same conclusion: the language in question (". . . you may file suit in state or Federal court") merely informs the plan participant of concurrent state and federal jurisdiction but is not a waiver-of-removal clause. Recently, the Seventh Circuit examined this exact issue in Cruthis v. Metropolitan Life Insurance, 356 F.3d 816 (7th Cir. 2004). There, plaintiff sued defendant in

---

**average plan participant**, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." (Emphasis added)

[5] *See e.g.*, Thompson v. Blue Cross, 2001 WL 1223598 (E.D.La.) (Clement, Chief Judge) (identical language is not waiver of defendant's right to removal); Cruthis v. Metro. Life Ins. Co., 356 F.3d 816 (7th Cir. 2004)(discussed *infra*); Clorox Co. v. U.S. Dist. Ct. For the Northern District of California, 779 F.2d 517, 521 (9th Cir. 1985) (holding passage stating "you may file in state or federal court" did not constitute a waiver of removal right); Satterfield v. Fortis Benefits Ins. Co., 225 F. Supp. 2d 1319 1321-22 (M.D.Ala. 2002) (holding the court could not reasonably construe same excerpt to give plaintiff irrevocable choice of forum language (citing Hooper v. Albany Int'l. Corp., 149 F.Supp. 2d 1315, 1323-24 (M.D.Ala.2001))); Fanney v. Trigon Ins. Co., 11 F. Supp. 2d 829, 831 (E.D.Va 1998) (holding identical statement in plaintiff's summary plan description "simply informs plan participants that there is concurrent state and federal jurisdiction for routine ERISA claims for benefits."); Yurcik v. Sheet Metal Workers' Int'l Ass'n, 889 F.Supp. 706, 707 (S.D.N.Y. 115) (noting concurrent jurisdiction for ERISA claims and holding that provision in plaintiff's pension plan handbook stating he could file in state or federal court did not bar right of removal.)

state court for refusing to pay her benefits under the terms of her employee benefit plan. Defendant removed the case to federal court. Plaintiff filed a motion to remand, basing her argument on the same statement at issue in this matter – "If you have a claim for benefits . . . you may file suit in a state or Federal court." The court concluded defendant's "statement clearly was made to comply with ERISA's disclosure requirements . . . . Thus, the plain language of the statement indicates that it is a disclosure of applicable law rather than a substantive contract provision." Id. at 819. Similarly, this Court holds the language used in Hartford's "Statement of ERISA Rights" is a disclosure of applicable law and not a substantive contract provision, and thus cannot be interpreted as a waiver of defendant's right to removal.

Finally, plaintiff argues defendant "has clearly waived its right to preemption." Plaintiff relies on Hook v. Morrison Milling Co., 38 F.3d 776 (5th Cir. 1994) in support of his position. The Hook case involved an employee who sued her employer in Texas state court for negligent failure to maintain a safe work place.[6] Plaintiff's claims were made exclusively on the basis of the alleged breach of a common law tort duty and did not involve plan benefits or the administration of an employer provided ERISA plan in any way, although the damages sought in the lawsuit overlapped with benefits potentially available under the employer's ERISA plan. The Hook court held the federal defense of preemption did not apply, because plaintiff's common law claims did not "relate to" the ERISA plan. The court found Hook's unsafe work place claim was completely independent from the existence and administration of the employer's ERISA plan, and the employee neither sought benefits under the plan nor claimed her employer improperly processed her claim for benefits. Plaintiff was merely seeking damages for her employer's alleged negligent maintenance of its work place. Unlike Hook, in this matter

---

[6] Under Texas law, employers may choose (with some consequences) not to carry workers' compensation insurance coverage.

5

plaintiff alleges he has been denied benefits under an employer provided disability plan, which plaintiff has seemingly conceded is governed by ERISA. The Court thus finds the Hook case to be inapplicable to the instant matter. As to whether or not defendant has waived its affirmative defense of preemption of plaintiff's state law claims by way of ERISA,[7] that issue has not been adequately addressed by either party, and thus the Court declines to rule on that issue at this time, other than to note it is inapplicable to the matter currently before the Court - whether removal of this matter was improper.[8]

## II. CONCLUSION

Due to the foregoing, plaintiff's Motion to Remand [Doc. 3-1] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana this 3 day of August, 2007.[9]

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[7] The Court notes the defense of preemption was pled in defendant's Answer [Doc. 4].

[8] The Court additionally points out that even when an ERISA matter such as this (civil action by plan participant or beneficiary for recovery of benefits under the plan) is heard by a state court, the federal defense of preemption is not waived. *See e.g.*, Cramer v. Association Life Ins. Co., 569 So.2d 533 (La. 1990)(**holding La.R.S. 22:657 [the statute under which plaintiff in this matter seeks penalties and attorney fees] is preempted by ERISA**); Sims v. BFI Waste Services, L.L.C., — So.2d —, 2007 WL 1430376 (La.App. 1 Cir.); In Re Roy, 726 So.2d 1048 (La. 2 Cir. 1999); Roberts v. Richard, 743 So.2d 731 (La.App. 3 Cir. 1999); Murphy v. Community Health Network of Louisiana, Inc., 712 So.2d 296 (La. % Cir. 1998)

[9] Plaintiff has recently filed a Motion for Leave to File a Reply Brief. As the proposed reply brief adds no pertinent evidence or argument to this Court's Ruling, the Motion for Leave is DENIED.