# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **RAYMOND PAYNE, JR.** | **CIVIL ACTION NO. 07-0232** |
| **VS.** | **JUDGE DOHERTY** |
| **HARTFORD LIFE & ACCIDENT INS. CO.** | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION*
### *ON MOTION FOR SUMMARY JUDGMENT*
#### *(Rec. Doc. 30)*

Before the court is a Motion for Summary Judgment filed by plaintiff Raymond Payne, Jr. seeking attorneys fees in this ERISA case. Defendant opposes the motion. For the following reasons, it is recommended that the motion be **DENIED**.

### *Background*

Raymond Payne, Jr. was born on January 19, 1954.[1] He was employed by Farmers' Rice Milling Company, an affiliate of the Powell Group, as a shipping clerk.[2] Payne filed a claim for both short- and long-term disability benefits under a policy issued to Powell, claiming disability beginning March 24, 2006 due to atrial fibrillation and lung disease.[3]

Hartford Life Insurance Company ("Hartford"), the claim administrator, began paying short-term benefits in April, 2006 and began investigating entitlement to long-term benefits on June 12, 2006.[4] On September 29, 2006, Hartford wrote to plaintiff's counsel advising:

---

[1] Administrative Record p. H0122.

[2] Id.

[3] Administrative Record pps. H0120-0122, H0348.

[4] Administrative Record pps. H0120, 0325-0326.

We have completed our review of your client's claim for benefits and have determined that he has failed to furnish us with sufficient Proof of Loss to determine if his condition is Preexisting. Accordingly, his claim for Long Term Disability Benefits has been denied.

\*\*\*

Your client was not continuously insured for greater than 365 days under Hartford's plan. According to the information in your client's file, the prior plan has a 24 month continuously insured for greater than 24 months under the prior plan. Therefore, your client's claim is subject to the pre-existing condition limitation. We advised your client that as part of the Pre-existing conditions investigation, we had requested his pharmacy log from CVS pharmacy for the period of 1/1/04-5/31/05.

We sent a follow up request to your client and CVS pharmacy on 9/14/-06 and 9/22/06. We received copies of CVS pharmacy records on 9/18/06; however, the records submitted cover the period from 6/1/05-9/11/06. Unfortunately, we need medical records from the period of 1/1/04-present.

\*\*\*

We have not received the requested information as of today.

Consequently, we have determined that your client has failed to provide us with sufficient information to determine if his condition is pre-existing. Therefore his claim is denied.

\*\*\*

This determination is based on a lack of sufficient proof of loss required to enable us to evaluate your client's disability. You may perfect your client's claim by providing the necessary information, or, if you disagree, you may appeal our decision without providing the information.[5]

On October 9, 2006, Hartford received additional information submitted by plaintiff in order to perfect his claim.[6] On November 27, 2006, Hartford notified plaintiff that it had

---

[5] Administrative Record pps. H0392-0396.

[6] Administrative Record p. H0087.

approved plaintiff's claim for LTD benefits under the prior plan through September, 2006, and that it was continuing to investigate whether he continued to be eligible for benefits.[7]

In December, 2006, Plaintiff's counsel sent letters to Hartford further advocating that his client was entitled to continued benefits. Counsel also submitted a recorded statement of plaintiff for Hartford's review.[8] On December 15, 2006, Hartford sent a letter to plaintiff's counsel advising of the continued investigation of the claim.[9]

On January 10, 2007, Hartford requested that additional information be provided by plaintiff by January 24, 2007 "in order to avoid any delays in processing your claim for benefits."[10]

On December 6, 2006, while the administrator was investigating plaintiff's claim for LTD benefits, plaintiff filed suit in the 14th Judicial District Court for Calcasieu Parish.[11] Hartford was served with the petition on January 10, 2007 and removed the case to this court on February 9, 2007.[12] Subsequently, Hartford filed an answer, asserting that plaintiff had failed to exhaust his administrative remedies prior to filing suit, and therefore the suit was premature.[13]

---

[7] Administrative Record pps. H0882-0885.

[8] Administrative Record pps. H0830, 0873-0874.

[9] Administrative Record p. H0829.

[10] Administrative Record p. H0822.

[11] Rec. Doc. 1-1.

[12] Rec. Doc. 1, 1-3.

[13] Rec. Doc. 4 at p. 4.

On September 25, 2007, Hartford sent a letter to plaintiff's counsel advising that the review of plaintiff's claim for LTD benefits had been completed and that it was determined that he continued to be eligible for benefits.[14]

### *Issues Presented*

Plaintiff seeks summary judgment awarding attorney's fees under 29 U.S.C. § 1132(g)(1). Defendant maintains that attorney's fees are not recoverable in this case because plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit.

### *Summary Judgment Standard*

The Federal Rules of Civil Procedure provide for summary judgment where no genuine issue as to any material fact exists. Fed.R.Civ.P. 56(c). The threshold inquiry is whether there are any genuine factual issues which require resolution by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Substantive law dictates which facts are material. Id. The evidence must be reviewed in the light most favorable to nonmover. Id. However, summary judgment should be granted when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict. Little v. Liquid Air Corp., 37 F.3d 1069, 1071 (5th Cir. 1994).

### *Law and Analysis*

#### Exhaustion

Plaintiff outlines several instances of alleged wrongdoing on the part of Hartford in support of his contention that, combined with his ultimate success in obtaining benefits, he is

---

[14] Administrative Record pps. H1237-1238.

entitled to an award of attorney's fees. Prior to reaching plaintiff's arguments, however, the court must assess whether plaintiff properly exhausted his administrative remedies prior to filing suit.

"[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000) *citing* Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985). "The exception to this requirement is limited, arising only when resorting to administrative remedies is futile or the remedy inadequate." Holmes v. Proctor and Gamble Disability Benefit Plan, 228 Fed.Appx. 377 (5th Cir. 2007), *citing as example* Cooperative Ben. Adm'rs, Inc. v. Ogden, 367 F.3d 323, 336, n. 61 (5th Cir.2004).

Here, there is no dispute that plaintiff did not exhaust his administrative remedies prior to filing suit. The administrative record clearly sets forth that on December 6, 2006, when suit was filed, plaintiff's claim was still being reviewed by Hartford at the administrative level. Plaintiff did not allow the administrative review to be completed prior to filing suit.[15] Thus, plaintiff clearly failed to exhaust his administrative remedies prior to filing suit.

Plaintiff concedes this point in his reply brief by not taking issue with the fact that he failed to exhaust his claims. Instead, plaintiff argues that, "By paying benefits to Payne, Hartford thereby waived any defense with regard to exhaustion of administrative remedies."[16] Plaintiff

---

[15] The Plan provides that upon denial of a claim, the claimant must appeal to Hartford for further review. Administrative Record p. H0027.

[16] Rec. Doc. 38.

cites no support for this statement, nor has the undersigned found jurisprudential support for

plaintiff's argument.   In the absence of any case law, and in light of Hartford's explicit defense

raised in the answer concerning plaintiff's failure to exhaust, the undersigned concludes that

Hartford did not waive the defense.

Plaintiff therefore failed to exhaust his administrative remedies, and this lawsuit was filed

prematurely.

**Attorney's Fees**

Although ERISA provides that attorney's fees and costs may be awarded, the award is

purely discretionary.  Title 29 U.S.C. §§ 1132(g)(1);  Todd v. AIG Life Ins. Co., 47 F.3d 1448,

1458 (5th Cir.1995). The Fifth Circuit has set forth five factors to determine whether attorney's

fees should be awarded: (1) the degree of the opposing party's culpability or bad faith; (2) the

ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of

attorney's fees against the opposing party would deter other persons acting under similar

circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants

and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA

itself; and (5) the relative merits of the parties' position.  Iron Workers Local No. 272 v. Bowen,

624 F.2d 1255, 1266 (5th Cir.1980).   Moreover, attorney's fees incurred during the

administrative process are not recoverable.  Cann v. Carpenters' Pension Trust Fund For Northern

California, 989 F.2d 313 (9th Cir.1993); Anderson v. Proctor & Gamble Co., 220 F.3d 449 (6th

Cir. 2000); Hahnemann University Hosp. v. All Shore, Inc., 514 F.3d 300, 313 (3rd Cir. 2008);

Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1010-11 (8th Cir. 2004); Rego v.

Westvaco Corp., 319 F.3d 140, 150 (4th Cir. 2003); Peterson v. Cont'l Cas. Co., 282 F.3d 112, 119-21 (2nd Cir. 2002).[17]

The Bowen factors do not favor awarding fees and costs in this case. Hartford ultimately found, on its own initiative, that plaintiff was eligible for benefits. This is not indicative of bad faith. Additionally, plaintiff did not prevail in this lawsuit – plaintiff was found eligible for benefits by the administrator, not by this court. Most importantly, the undersigned finds that awarding fees to plaintiff may encourage other ERISA claimants to file suit prior to the completion of the administrative process, which would be at odds with the Fifth Circuit's exhaustion requirement.

Moreover, fees should not be awarded because had plaintiff allowed the administrative process to continue, no suit would have been filed because plaintiff ultimately prevailed during that process. Since fees and costs incurred at during the administrative process are not recoverable, plaintiff would not have been entitled to an award for fees and costs despite the success in obtaining disability benefits.

### *Conclusion*

For the foregoing reasons, the undersigned concludes that plaintiff is not entitled to attorney's fees. As such, it is RECOMMENDED that plaintiff's Motion for Summary Judgment be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and

---

[17] The Fifth Circuit has not addressed whether an attorney is entitled to fees incurred during the claims process for ERISA claims, however, all other circuit courts to have addressed the issue have concluded that fees incurred during the administrative process are not recoverable.

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 25, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)